# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANNETTE MOGABGAB** | * | |
| | * | **CIVIL ACTION** |
| | * | |
| Complainant | * | **NO.:** |
| **VERSUS** | * | |
| | * | **DIVISION " "** |
| **JEFFREY STEIN and** | * | |
| **THE LOUISIANA MEDICAL** | * | |
| **CENTER AND HEART** | * | |
| **HOSPITAL, LLC** | * | |
| | * | |
| Defendants | * | |
| | * | |

*********************************************************************

## COMPLAINT

The Complaint of ANNETTE MOGABGAB, a person of the full age and majority and domiciled in the City of Oaktown, State of Indiana, represents upon information and belief:

## DOMICILE

Complainant, ANNETTE MOGABGAB is a citizen of the United States of America and domiciled in the State of Indiana.

Defendant, JEFFREY STEIN, is a person of the full age of majority and domiciled in the State of Louisiana. Jeffrey Stein is a nurse practitioner duly licensed in the State of Louisiana.

Defendant, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LLC, (LMCHH) is foreign limited liability company with its principal place of business in the State of North Carolina.

## VENUE

1.

Venue is proper pursuant to 28 U.S.C. 1391(a).

## JURISDICTION

2.

Jurisdiction in this matter is based on diversity of the parties pursuant to 28 U.S.C. Section 1332. The amount in controversy is in excess of $75,000.00.

## FACTS

3.

On October 2, 2007, Stephen Mogabgab underwent successful 5 vessel coronary artery bypass grafting. His initial recovery was uneventful. On post surgery day one, October 3, 2007, Dr. Angelo noted that Mr. Mogabgab was "without shortness of breath or chest pain" and "denies abdominal pain" or any anxiety.

4.

On October 4, 2007, at 7:30 am, the nursing record indicates that Mr. Mogabgab was considered stable and only slight abdominal distention was noted. This was the first indication that Mr. Mogabgab was sitting up on the side of the bed.

5.

As the morning progressed, Mr. Mogabgab began exhibiting signs and symptoms of cardiac compromise including increased anxiety, bouts of hypotension, tachycardia, dyspnea, chest and shoulder pain, tachypnea, dizziness, decreased urine output, pale skin, and abdominal distention. As a consequence, he spent much of the day sitting on the side of his bed to reduce the severity of his symptoms.

6.

At approximately 11:00 am, Mr. Mogabgab suffered a significant bout of hypotension that required the immediate infusion of fluid, called a bolus, to stabilize his blood pressure. While the administration of the bolus was appropriate, Nurse Practitioner Stein, and the nursing staff of LMCHH, did not notify a physician and did not run any tests to determine the underlying cause of Mr. Mogabgab's condition.

7.

At 2:00 pm, Mr. Mogabgab suffered another bout of hypotension. Despite a direct order from Jeffrey Stein, the nursing staff of LMCHH failed to administer a bolus, as ordered, and failed to notify Mr. Stein or any physician about the hypotension.

8.

Despite these signs and symptoms no physician was called to examine Mr. Mogabgab nor were any steps taken to determine the cause of his condition.

9.

At 4:15 pm, Dr. James Smith, his cardiologist, found Mr. Mogabgab in distress. Dr. Smith immediately ordered an echocardiogram to further evaluate the etiology of Mr. Mogabgab's clinical deterioration.

10.

The echocardiogram demonstrated a large pericardial effusion with tamponade physiology and plans were made for emergent surgery. Surgery was started at 18:13. However, while being intubated, Mr. Mogabgab suffered cardiac arrest that required prolonged open heart massage. Mr. Mogabgab lingered for approximately three more weeks. However, he did not recover and finally died on October 29, 2007.

## BREACH OF THE STANDARD OF CARE

11.

The nurses who assisted in the procedures, monitoring and care of Mr. Mogabgab, including Nurse Lumpkin were all operating within the course and scope of their employment with Louisiana Medical Center and Heart Hospital, LLC rendering it liable under the doctrine of respondeat superior.

12.

The care rendered by these nurses fell below the applicable standard of care in following respects:

a) Failure to notify the appropriate physicians and/or nurse practitioner of the patient's complaints, signs and symptoms

b) Failure to properly observe and/or monitor the patient's condition

c) Failed to follow the nurse practitioner's and/or physician's orders

d) failed to notice the patient's condition was deteriorating and notify appropriate personnel

e) Failure to notify either the nurse practitioner or physician of the patient's second drop in blood pressure below 90

f) failure to administer the bolus ordered by Nurse Practitioner Stein.

g) failure to adequately diagnose the cause of Mr. Mogabgab's condition

13.

Jeffrey Stein is a licensed Nurse Practitioner who cared for the patient on Oct 4, 2010. Jeffrey Stein's care rendered to the patient fell below the applicable standard of care in following respect:

- a) Failure to notice that Mr. Mogabgab's signs and symptoms indicated decreasing cardiac output
- b) Failure to properly diagnose the cause of the patient's signs and symptoms, including but not limited to significant hypotension
- c) Failure to notice the excessive amount of fluid already in the patient's body
- d) failed to notice the patient's condition was deteriorating and notify appropriate physician
- e) Failure to follow up with the patient after the administration of the initial bolus.
- f) failure to order an echocardiogram or other appropriate test to determine the underlying cause of the patient's condition

14.

As a result of the above described breaches of the standard of care, the patient suffered severe pain and anxiety including the fear of imminent death. Additionally, Mr. Mogabgab's chance of survival and recovery was greatly diminished or lost.

15.

As a further result of the above described breaches of the standard of care, the patient was required to undergo emergent surgery. However, due to the prolonged, increased pressure on his heart he suffered cardiac arrest and ultimately died three weeks later.

16.

Annette Mogabgab is the surviving spouse of Stephen Mogabgab, and in accordance with Louisiana Civil Code Article 2315 et seq., asserts this survival and wrongful death action against the Defendants <u>in solido</u>, seeking all such damages as may be reasonable in the premises, including damages for the pain and suffering and fear of imminent death of Stephen Mogabgab; grief, mental anguish and suffering of Annette Mogabgab; for loss of future support and for loss of consortium, service and society; any and all past medical expenses as well as burial expenses.

**WHEREFORE**, Complainant prays that defendants be duly cited to appear and answer the matters aforesaid and that after all legal delays and due proceedings that there be judgment in favor of Complainant, Annette Mogabgab and against defendants, **Jeffrey Stein and The Louisiana Medical Center and Heart Hospital, LLC,** in an amount commensurate with complainants damages to include damages for past medical expenses; damages for past, present and future mental suffering; loss of support, loss of society, loss of consortium, for the physical pain and suffering, fear and anguish suffered by Mr. Mogabgab prior to his death, and all burial expenses together with interest from the date of judicial demand until paid and for all costs of these proceedings.

Respectfully submitted,

*The Corrington Law Firm*

_____
**THOMAS CORRINGTON, BAR NO. 21536**
**HEATHER M. MURPHY, BAR NO. 32068**
3431 Prytania St.
New Orleans, Louisiana 70115
Telephone: (504) 895-3431
Facsimile: (504) 895-1312