UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF LOUISIANA

| ANNETTE MOGABGAB | * | |
| --- | --- | --- |
| | * | CIVIL ACTION |
| | * | |
| Complainant | * | NO.: 2:10 CV 2859 |
| VERSUS | * | |
| | * | DIVISION "B" |
| JEFFREY STEIN and | * | |
| THE LOUISIANA MEDICAL | * | MAG. 5 |
| CENTER AND HEART | * | |
| HOSPITAL, LLC | * | |
| | * | |
| Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FIRST AMENDED COMPLAINT**

NOW COMES, ANNETTE MOGABGAB, a person of the full age and majority and domiciled in the City of Oaktown, State of Indiana, who respectfully files this first amended complaint amending her original complaint as follows:

1.

All allegations contained in plaintiff's original complaint, not inconsistent herewith, are hereby realleged and reaverred as if copied herein in extenso.

2.

On October 4, 2007, at 11:00 am, Jeffrey Stein evaluated Mr. Mogabgab and charted his findings. Immediately thereafter, Mr. Mogabgab suffered a significant drop in blood pressure, became dizzy, and diaphoretic. Mr. Stein was only a few feet away from the patient's room but did not go into the room, or re-evaluate the patient's signs and symptoms subsequent to the blood pressure drop.

3.

Mr. Stein did not formulate a differential diagnosis, perform any testing or consult any physician, but merely concluded that the drop in blood pressure was due to medications given to the patient earlier that morning.

4.

In addition to the signs and symptoms found in the medical record, within an hour of Mr. Stein evaluating the patient, Mr. Mogabgab began experiencing significant symptoms which he described as "filling up." Additionally, Mr. Mogabgab was sitting on the side of the bed exhibiting orthopnea.

5.

Due to the new symptoms, Mr. Mogabgab asked his wife to contact Mr. Stein and have him return and re-evaluate Mr. Mogabgab. Annette Mogabgab and her daughter Eva Snapp went to nursing station and asked for Mr. Stein to return to re-evaluate Mr. Mogabgab. The nurse at the nursing station confirmed that she would inform Mr. Stein of the Mogabgab's request. Mr. Stein never returned.

6.

The care rendered by these nurses fell below the applicable standard of care in following respects:

a) Failure to notify the appropriate physicians and/or nurse practitioner of the patient's complaints, signs and symptoms

b) Failure to properly observe and/or monitor the patient's condition

c) Failed to follow the nurse practitioner's and/or physician's orders

d) failed to notice the patient's condition was deteriorating and notify appropriate

      personnel

e)    Failure to notify either the nurse practitioner or physician of the patient's second drop in blood pressure below 90

f)    failure to administer the bolus ordered by Nurse Practitioner Stein.

g)    failure to adequately diagnose the cause of Mr. Mogabgab's condition

h)    failure to inform Mr. Stein that Mr. Mogabgab requested that he return

i)    engaging in the diagnosing of the cause of the patient's signs and symptoms

7.

Jeffrey Stein's care rendered to the patient fell below the applicable standard of care in following respect:

a)    Failure to notice that Mr. Mogabgab's signs and symptoms indicated decreasing cardiac output

b)    Failure to properly diagnose the cause of the patient's signs and symptoms, including but not limited to significant hypotension

c)    Failure to notice the excessive amount of fluid already in the patient's body

d)    failed to notice the patient's condition was deteriorating and notify appropriate physician

e)    Failure to follow up with the patient after the administration of the initial bolus.

f)    failure to order an echocardiogram or other appropriate test to determine the underlying cause of the patient's condition

g)    failure to re-evaluate the patient's signs and symptoms subsequent to his drop in blood pressure at 11:00 am on 10/4/2007

h)    failure to formulate a differential diagnosis which would account for the drop in

blood pressure and the patient's other symptoms at 11:00 am on 10/4/2007.

i) Failure to return to see the patient when requested to do so.

8.

The above described breaches of the standard of care were the proximate cause of all damages suffered by Mr. Mogabgab and plaintiff as more fully set out in plaintiff's original petition.

**WHEREFORE**, Complainant prays that this court grant leave to file this first amended complaint and that defendants be duly cited to appear and answer the matters aforesaid and that after all legal delays and due proceedings that there be judgment in favor of Complainant, Annette Mogabgab and against defendants, **Jeffrey Stein and The Louisiana Medical Center and Heart Hospital, LLC**, in an amount commensurate with complainants damages to include damages for past medical expenses; damages for past, present and future mental suffering; loss of support, loss of society, loss of consortium, for the physical pain and suffering, fear and anguish suffered by Mr. Mogabgab prior to his death, and all burial expenses together with interest from the date of judicial demand until paid and for all costs of these proceedings.

Respectfully submitted,

*The Corrington Law Firm*

**THOMAS CORRINGTON, BAR NO. 21536**
3431 Prytania St.
New Orleans, Louisiana 70115
Telephone: (504) 895-3431
Facsimile: (504) 895-1312
Thomas@Corringtonlaw.com