UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ANNETTE MOGABGAB                                    CIVIL ACTION

VERSUS                                              NO. 10-2859

JEFFREY STEIN AND THE                               SECTION: B(5)
LOUISIANA MEDICAL CENTER
AND HEART HOSPITAL, LLC

                           ORDER AND REASONS

   **IT IS ORDERED** that Defendant's Motion to Dismiss, Rec. Doc. No. 59, opposed at Rec. Doc. No. 64, is hereby **DENIED.**

   Louisiana's statutory provision, La. R.S. 40:1299.47, *et seq.*, providing for the presentation of a claim of malpractice to a Medical Review Panel prior to District Court proceedings is a substantive rule of law that must be applied in a Federal diversity action. *Seoane v. Ortho Pharmaceuticals, Inc.* 472 F. Supp. 468 (E.D. La. 1979). The statute expressly provides, in pertinent part:

> A. (1) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided in this Section
> B. (1)(a)(I) No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.

La. R.S. 40:1299.47

   La. R.S. 40:1299.47(A)(1)(b)(vi-vii) requires a claimant to

specify alleged acts of malpractice in order to "present sufficient information for the medical review panel to make a determination as to whether the defendant health care provider is entitled to the protections of the MMA." *Williams v. Notami Hospital of Louisiana, Inc.* 927 So.2d 368, 376 (La.App 1st Cir.2005). In general, *Williams* concluded that as long as allegations contained in the plaintiff's amended complaint are reasonably found to be encompassed within a prior claim that was before the Medical Review Panel, any motion to dismiss based on prematurity should be denied. *Id.* at 375. Moreover, if the allegations contained in the plaintiff's amended complaint are reasonably found to be encompassed within any evidence that was submitted to the Medical Review Panel, the motion to dismiss should also be denied. *Id.* If the amended complaint does not specifically correlate to the allegations raised in the complaint to the medical review panel, then they are premature and should be dismissed. *Gele v. Binder,* 904 So.2d 836, 838 05-121 (La. App 5 Cir. 5/31/05).

In paragraph 2 of the Amended Complaint, plaintiff alleges:

> On October 4, 2007 at 11:00 am, Jeffrey Stein evaluated Mr. Mogabgab and charted his findings. Immediately thereafter, Mr. Mogabgab suffered a significant drop in his blood pressure, became dizzy, and diaphoretic. Mr. Stein was only a few feet away from the patient's room but did not go into the room or re-evaluate the patient's signs and symptoms subsequent to the blood pressure drop. (Rec. Doc. No. 63 pg. 1).

There is significant evidence in the medical records that Mr. Stein evaluated Mr. Mogabgab at 11:00 am and charted his findings,

where it was found that Mr. Mogabgab's blood pressure dropped and he became dizzy and diaphoretic. (Rec. Doc. No. 64-1). There is also evidence in Mr. Stein's deposition that Mr. Stein did not return to Mr. Mogabgab's room again after the subsequent blood pressure drop. (Rec. Doc. No. 64-2 pg. 3-6). Being that both the medical records and Mr. Stein's deposition were considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, the claims in paragraph 2 are not premature.

In paragraph 3 of the Amended Complaint, plaintiff alleges:

Mr. Stein did not formulate a differential diagnosis, perform any testing or consult any physician, but merely concluded that the drop in blood pressure was due to medications given to the patient earlier that morning. (Rec. Doc. No. 63 pg. 2)

In his deposition, Mr. Stein stated that there was no other differential diagnoses and that he attributed the drop in blood pressure to the medication that was given to Mr. Mogabgab two hours before. (Rec. Doc. No. 64-2 pg. 6-7). Being that Mr. Stein's deposition was considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, the claims in paragraph 3 are not premature.

In paragraph 4 of the Amended Complaint, plaintiff alleges:
In addition to the signs and symptoms found in the medical record, within an hour of Mr. Stein evaluating the patient,

3

>Mr. Mogabgab began experiencing significant symptoms which he described as "filling up." Additionally, Mr. Mogabgab was sitting on the side of the bed exhibiting orthopnea. (Rec. Doc. No. 63 pg. 2)

In the medical records, it is recorded at 12:40 pm that Mr. Mogabgab began feeling "bloated and gassy." (Rec. Doc. No. 64-1 pg. 2). Despite the different word choice, "bloated and gassy" is reasonably synonymous with "filling up," in relation to medical abdominal issues. (Rec. Doc. No. 64 pg. 5). Regarding the sitting on the side of the bed exhibiting orthopnea, orthopnea is shortness of breath which occurs when lying flat, causing Mr. Mogabgab to sit up in order to relieve this feeling. (Rec. Doc. No. 64 pg. 5). The medical records state that Mr. Mogabgab was suffering from shortness of breath at 10:20 am, and that Mr. Mogabgab was sitting on the side of the bed at least three times that day, at 7:30 am, 10:20 am, and 11:00 am. (Rec. Doc. No. 64-1 pg. 2). Merely amending to add the clarifying medical term of "orthopnea," does not amount to a new issue that would require dismissal, and it is likely that any competent Medical Review Panel would deduce orthopnea based upon the symptoms and characteristics that Mr. Mogabgab was displaying, which the panel considered in their review of the medical record. Being that the medical records were considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, the claims in paragraph 4 are not

4

premature.

In paragraph 5 of the Amended Complaint, plaintiff alleges:

> Due to the new symptoms, Mr. Mogabgab asked his wife to contact Mr. Stein and have him return and re-evaluate Mr. Mogabgab. Annette Mogabgab and her daughter Eva Snapp went to nursing station and asked for Mr. Stein to return to re-evaluate Mr. Mogabgab. The nurse at the nursing station confirmed that she would inform Mr. Stein of the Mogabgab's request. Mr. Stein never returned. (Rec. Doc. No. 63 pg. 2).

In the plaintiff's First Supplemental and Amending Request for Medical Review Panel, the plaintiff alleges that the nurses who assisted in the procedure and care of Mr. Mogabgab failed to notify appropriate physicians of Mr. Mogabgab's complaints, failed to properly monitor his condition, and failed to properly alert the appropriate physicians of the signs and symptoms of Mr. Mogabgab. (Rec. Doc. No. 59-2 pg. 6). Further, it has been established through his deposition that Mr. Stein never returned to the Mr. Mogabgab's room. (Rec. Doc. No. 64-2 pg. 3-6). Being that the deposition of Mr. Stein and the plaintiff's First Supplemental and Amending Request for Medical Review panel were considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, the claims in paragraph 5 are not premature.

In paragraph 7 of the Amended Complaint, plaintiff alleges 9 instances of negligence attributable to Mr. Stein, (Rec. Doc. No. 63 pg. 3-4) which will be reviewed one at a time:

5

1) Failure to notice that Mr. Mogabgab's signs and symptoms indicated decreasing cardiac output:

This particular allegation is found specifically in the plaintiff's submission to the medical review panel, which states that "Jeff Stein also missed clear signs of pericardial effusion, mistakenly attributing the patient's symptoms to other causes." (Rec. Doc. No. 64-3 pg. 4). Additionally, the plaintiff later stated in the same document that "Stein, while only seeing the patient once, should have been aware that the patient's symptoms were indicative of decreasing cardiac output..." (Rec. Doc. No. 64-3 pg. 7). Being that the plaintiff's submission of evidence was considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, this first claim of negligence is not premature.

2) Failure to properly diagnose the cause of the patient's signs and symptoms, including but not limited to significant hypotension:

This particular allegation is found in the plaintiff's submission to the Medical Review Panel, which states that "Stein... should have been aware that the patient's symptoms were indicative of decreasing cardiac output, as supported by... decreases in blood pressure..." (hypotension). (Rec. Doc. No. 64-3 pg. 7). Despite the difference in word choice, these two assertions are reasonably

synonymous with each other. Being that the plaintiff's submission of evidence was considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, this second claim of negligence is not premature.

> 3) Failure to notice the excessive amount of fluid already in the patient's body:

This particular allegation is found in the plaintiff's submission to the medical review panel, which states that "Stein... should have been aware that the patient's symptoms were indicative of decreasing cardiac output,... especially given the excessive amount of fluid already present in the patient." (Rec. Doc. No. 64-3 pg. 7). Being that the plaintiff's submission of evidence was considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, this third claim of negligence is not premature.

> 4) Failed to notice the patient's condition was deteriorating and to notify appropriate physician:

This allegation was raised in the plaintiff's First Supplemental and Amending Petition at paragraph 12(a) and 12(e), which state that Mr. Stein "failed to notify appropriate physicians of the patient's complaints" and "failed to properly alert the

7

appropriate physicians of the signs and symptoms of cardiac tamponade," respectively. (Rec. Doc. No. 59-2 pg. 6-7). Being that the plaintiff's First Supplemental and Amending Petition was considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, this fourth claim of negligence is not premature.

>     5) Failure to follow up with the patient after the administration of the initial bolus:

In his deposition, Mr. Stein testified that he never saw Mr. Mogabgab again after his 11:00 o'clock examination on the 4th, after he ordered that Mr. Mogabgab be given 250 cc's of bolus. (Rec. Doc. No. 64-2 pg. 8-10). Being that Mr. Stein's deposition was considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, this fifth claim of negligence is not premature.

>     6) Failure to order an echocardiogram or other appropriate test to determine the underlying cause of the patient's condition:

This allegation is found in the plaintiff's submission to the medical review panel, which states that "Mr. Stein simply went along with the 'group think' rather than taking the time to figure out what was actually going on with Mr. Mogabgab. He had the

authority to order an echocardiogram to rule out any cardiac issue. He failed to do so." (Rec. Doc. No. 64-3 pg. 13).  Being that the plaintiff's submission of evidence was considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, this sixth claim of negligence is not premature.

> 7)Failure to re-evaluate the patient's signs and symptoms subsequent to his drop in blood pressure at 11:00 am on 10/4/2007:

In his deposition, Mr. Stein testified that he never saw Mr. Mogabgab again after his 11:00 o'clock examination regarding the drop in blood pressure, which is synonymous with failing to re-evaluate. (Rec. Doc. No. 64-2 pg. 8-10).  Being that Mr. Stein's deposition was considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, this seventh claim of negligence is not premature.

> 8)Failure to formulate a differential diagnosis which would account for the drop in blood pressure and the patient's other symptoms at 11:00 am on 10/4/2007:

In his deposition, Mr. Stein testified that there was not any other differential diagnosis that he thought of, other than the administration of the anti-hypertensive medication, that would have

9

accounted for all of Mr. Mogabgab's symptoms at 11:00 o'clock. (Rec. Doc. No. 64-2 pg. 7). Being that Mr. Stein's deposition was considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, this eighth claim of negligence is not premature.

    9) Failure to return to see the patient when requested to do so:

The patient's wife has testified that she requested to the nurses that Mr. Stein come back and see Mr. Mogabgab after the 11:00 o'clock examination. It is unknown if Mr. Stein was actually told about the request for him to return to see Mr. Mogabgab; however, regardless of whether or not this request was known to him, Mr. Stein's presence was requested, and he admitted in his deposition that he never returned to see Mr. Mogabgab after the 11:00 o'clock examination. (Rec. Doc. No. 64-2 pg. 8-10). Being that both the request by the Ms. Mogabgab and the deposition of Mr. Stein were considered by the Medical Review Panel, the allegations contained in the plaintiff's amended complaint are reasonably encompassed within a prior claim or evidence that was before the Medical Review Panel; and, as a result, this ninth claim of negligence is not premature.

    It seems as if every allegation of fact and negligence were reasonably encompassed within information that was provided to the

Medical Review Panel, meaning none of the allegations are in fact "new" allegations that need to go before a new Medical Review Panel. Accordingly, the instant motion to dismiss is denied.

New Orleans, Louisiana, this 6th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE